UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| READY TRANSPORTATION, INC., <br><br>  Plaintiff, <br> v. <br><br> CRST MALONE, INC., ET AL., <br><br>  Defendants. | Case No. EDCV 07-0905-JTL <br><br> ORDER RE: AWARDING PLAINTIFF COSTS AND EXPENSES AND CONDITIONALLY AWARDING ATTORNEY'S FEES |

On March 4, 2009, plaintiff filed a Motion for Attorney's Fees, declarations and exhibits in support thereof, seeking attorney's fees and costs reasonably incurred in responding to the Declaration of Kevin Nixon and all attorney's fees incurred in prosecuting this action against defendants. Defendants filed an Opposition to the Motion for Attorney's Fees on March 18, 2009. On June 18, 2009, the Court issued an Order Re: Plaintiff's Motion for Attorney's Fees, granting in part and denying in part plaintiff's Motion. Specifically, the Court found that, pursuant to 28 U.S.C. Section 1927, plaintiff was entitled to "excess costs, expenses, and attorneys' fees reasonably incurred" in responding to Nixon's declaration and deposition testimony, including: (1) the portion of attorney's fees incurred in responding to Nixon's declaration in plaintiff's September 2, 2008 Reply in support of its Motion for Summary Adjudication; (2) the costs of traveling to and from Savannah, Georgia for Nixon's deposition, which occurred on September 12, 2008; (3) attorney's fees incurred in preparing for and taking

the Nixon deposition; (4) the cost of the deposition and videographer; (5) the cost of the hotel room in which the deposition occurred; and (6) the portion of attorney's fees incurred in responding to Nixon's deposition testimony in plaintiff's October 6, 2008 Supplemental Reply in support of its Motion for Summary Adjudication.

On June 23, 2009, plaintiff submitted the Declaration of Timothy C. Riley Setting Forth Fees and Costs Submitted in Response to the Court's Order Dated June 18, 2009 ["Riley Decl."]. Therein, Riley, plaintiff's counsel, sets forth an itemization of the attorney's fees and costs incurred by plaintiff in regard to the six items addressed above. Thereafter, on June 26, 2009, defendants submitted a Response to Plaintiff's Declaration Setting Forth Fees and Costs in Support of its Motion for Attorney's Fees addressing the reasonableness of the fees and costs claimed by plaintiff.

Upon review of the pleadings filed in this case and all supporting documents, the Court finds as follows:

**DISCUSSION**

"When [a] sanctions award is based upon attorney's fees and related expenses, an essential part of determining the reasonableness of the award is inquiring into the reasonableness of the claimed fees. Recovery should never exceed those expenses and fees that were reasonably necessary to resist the offending action." Brown v. Baden (In re Yagman), 796 F.2d 1165, 1184-85 (9th Cir. 1986) (as amended on denial of reh'g and reh'g en banc); see 28 U.S.C. § 1927 (authorizing fees for "attorneys' fees reasonably incurred"). Reasonable attorney's fees are determined by following a two-part "lodestar" approach. See Intel Corp. v. Terabyte Int'l, 6 F.3d 614, 622 (9th Cir. 1993) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). First, the Court must determine the presumptive lodestar figure by multiplying the number of hours a party reasonably expended on the litigation by a reasonable hourly rate. Hensley, 461 U.S. at 433. This lodestar figure may then be adjusted upward or downward after consideration of the factors recited in Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976), that are not already subsumed in the initial lodestar

calculation. Morales v. City of San Rafael, 96 F.3d 359, 363-364 & nn.8-10 (9th Cir. 1996); see Kerr, 526 F.2d at 70.[1]

Here, the Court finds that of the 68 hours of legal fees requested by plaintiff's counsel, 18.75 hours were reasonably expended in responding to Nixon's Declaration as set forth in plaintiff's September 2, 2008 Reply in support of its Motion for Summary Adjudication, specifically, in reviewing relevant exhibits and previous declarations, drafting arguments in response to Nixon's declaration, and researching bad faith declarations and intentionally vague and misleading declarations/affidavits. (See Riley Decl. ¶ 2). Plaintiff's counsel reasonably expended 3.5 hours in drafting a subpoena to be issued by the Southern District of Georgia, drafting correspondence to Nixon regarding his deposition, contacting a Georgia process server to arrange service of the subpoena and drafting correspondence to the process server, arranging for a court reporter in Savannah, Georgia and a location for the deposition, drafting correspondence to defendants' counsel at Murchison & Cumming, LLP, regarding the deposition, and conducting research on service of subpoena in Georgia. (See Riley Decl. ¶ 3). Plaintiff's counsel also reasonably incurred 9.25 hours preparing for Nixon's deposition, specifically in reviewing and assembling exhibits to be used at the deposition, reviewing testimony of other witnesses who were deposed in this case, preparing questions to be asked at the deposition, conducting telephone conferences with William Brady, plaintiff's vice-president, regarding previous loads handled by defendants under the Interline Agreement at issue in this case, assembling a documentary history of previous loads handled by CRST, and

---

[1] The twelve Kerr factors bearing on reasonableness are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70.

making telephone calls to Jonathon Dennis of Murchison & Cumming, LLP, and Nixon regarding the details of the deposition. (See Riley Decl. ¶ 4). Plaintiff's counsel reasonably expended 16 hours traveling to and from Savannah, Georgia, from Pasadena, California, to take Nixon's deposition, and 5.50 hours in preparing for and taking the deposition. (See Riley Decl. ¶¶ 5, 9, 11). With respect to the attorney's fees incurred in responding to Nixon's deposition testimony in plaintiff's October 6, 2008 Supplemental Reply in support of its Motion for Summary Adjudication, however, plaintiff has not demonstrated that the entire 15.00 hours expended in addressing Nixon's Declaration were not "excessive, redundant, or otherwise unnecessary." (See Riley Decl. ¶ 12). Hensley, 461 U.S. at 434 (counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary"); see id. at 433 ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly."). In particular, the Court finds that plaintiff has not shown that the time plaintiff's counsel spent conducting research regarding the submission of bad faith affidavits under Federal Rules of Civil Procedure 56(g) was not duplicative of his previous research. (See Riley Decl. ¶ 12). Plaintiff's counsel admits that he had researched bad faith declarations and intentionally vague and misleading declarations/affidavits in preparing plaintiff's September 2, 2008 Reply in support of its Motion for Summary Adjudication. (See Riley Decl. ¶ 2). Accordingly, the Court finds that a total of 14 hours reasonably would have been expended in reviewing and analyzing Nixon's deposition testimony, drafting arguments and analysis in addressing Nixon's declaration and deposition testimony, drafting the Supplemental Declaration of Michael Clark that responded directly to Nixon's deposition testimony regarding past practices under the Interline Agreement, and conducting telephone conferences with Clark, and reviewing and analyzing the documentary history regarding previous shipments handled by defendants.

      In sum, the Court finds that a total of 67 hours was reasonably expended in responding to Nixon's declaration and deposition testimony. Furthermore, the Court is satisfied that the

rate of $300.00 per hour plaintiff's counsel billed to plaintiff is a reasonable hourly figure.[2] (See Riley Decl. ¶ 13). Applying the lodestar method, the Court multiplies 67 hours by $300.00, the product of which is $20,100.00. The Court finds that no further adjustment of this lodestar amount is required based on the Kerr factors. Thus, the Court finds that plaintiff is entitled to $20,100.00 in attorney's fees reasonably incurred as a result of defendants' counsel unreasonably multiplying proceedings in this case.

Nonetheless, because plaintiff's counsel has offered only a declaration setting forth a general itemization of the attorney's fees incurred by plaintiff without any supporting documentation thereof, the Court hereby conditions plaintiff's award of attorney's fees upon plaintiff's counsel submitting substantiation of the hours expended and the hourly rate charged to plaintiff as set forth in his declaration, in the form of time sheets and/or billing records. See Hensley, 461 U.S. at 437 ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."); Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986) ("In determining reasonable hours, counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended. [Citation]. Those hours may be reduced by the court where documentation of the hours is inadequate; if . . . hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary."), amended on denial of reh'g, 808 F.2d 1373 (9th Cir. 1987); see also Stewart v. Gates, 987 F.2d 1450, 1453 (9th Cir. 1993) ("Illegible, abbreviated time records, submitted in a form not reasonably capable of evaluation, do not satisfy the 'burden of submitting detailed time records justifying the hours claimed.' [Citation]. It is an abuse of discretion to award fees for hours not properly documented.").

With respect to the costs and expenses incurred by plaintiff in responding to Nixon's declaration and deposition testimony, the Court finds that the following costs were reasonably incurred by plaintiff under 28 U.S.C. Section 1927: $850 for plaintiff's counsel's round-trip,

---

[2] Defendants "do[] not contest [plaintiff's counsel's] billing rate per se[.]" (Defendants' Response at 2).

5

economy-class ticket to and from Savannah, Georgia for Nixon's deposition (Riley Decl. ¶ 6, Exh. A); the cost of plaintiff's counsel's hotel room the night before Nixon's deposition, in the amount of $213.01 (Riley Decl. ¶ 7, Exh. A); the cost of the conference room at the Hyatt Hotel in Savannah, Georgia, where Nixon's deposition took place, in the amount of $426.64 (Riley Decl. ¶ 8, Exh. A); $1,180 for the cost of the videographer and a DVD copy of Nixon's deposition (Riley Decl. ¶ 10, Exh. B)[3]; and the $60 in parking fees expended by plaintiff's counsel upon his return from the Nixon Deposition (Riley Decl. ¶ 11, Exh. A).  Thus, the Court finds that plaintiff is entitled to a total of $2,729.65 in costs and expenses incurred by plaintiff in taking Nixon's deposition.

**ORDER**

IT THEREFORE IS ORDERED that defendants' counsel shall pay to plaintiff costs and expenses incurred in taking Nixon's deposition in the amount of $2,729.65.  Defendants' counsel shall also pay to plaintiff attorney's fees in the amount of $20,100.00 conditioned upon plaintiff's counsel filing substantiation of the hours expended and the hourly rate charged to plaintiff, in the form of time sheets and/or billing records, within ten (10) days of the date of this Order.  If plaintiff's counsel does not file such supporting documentation, plaintiff shall receive no amount in attorney's fees.

Dated: June 30, 2009

                                          /s/ Jennifer T. Lum
                                      JENNIFER T. LUM
                                      UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff's counsel asserts that the cost of the court videographer for the Nixon deposition was not included in the amount submitted and awarded as an item of cost in the post-judgment bill of costs submitted by plaintiff.  See L.R. 54-3 (discussing bill of costs and notice of application to tax costs); see also L.R. 54-4.6 (providing that, with respect to costs incurred in connection with taking oral depositions, "cost of videotaped or recorded depositions" and "costs of video or audio technicians" are not taxable as costs "unless otherwise ordered by the Court").